# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Antonio Melton, #331231**, ) | Civil Action No. 9:12-3413-SB-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Warden of Lee Correctional Institution,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The <u>pro</u> <u>se</u> Petitioner brought this action seeking relief pursuant to Title 28, United

States Code, Section 2254. On May 6, 2013, the Respondent filed a motion for summary judgment.

As the Petitioner is proceeding pro se, a <u>Roseboro</u> Order was entered by the Court on May 7, 2013,

advising Petitioner of the importance of a dispositive motion and of the need for him to file an

adequate response. Petitioner was specifically advised that if he failed to file a properly supported

response, the Respondent's motion may be granted, thereby ending his case.

Petitioner requested an extension of time to respond, which was granted by Order filed

May 24, 2013. A second request for an extension was granted by Order filed June 28, 2013.

However, notwithstanding the extensions granted and the specific warning and instructions as set

forth in the Court's <u>Roseboro</u> order, the Petitioner has failed to respond to the motion, or to contact

the Court in any way. Therefore, a Report and Recommendation was entered on August 1, 2013,

recommending that this case be dismissed with prejudice for lack of prosecution. <u>See</u> Court Docket

1



No. 37.

Almost three (3) weeks later (and over three and one-half (3½) months after the motion for summary judgment was filed), Petitioner filed a response to the Report and Recommendation stating that he would like to continue with his case, but that he did not have adequate access to Court materials and would appreciate anything the Court could do. In consideration of Plaintiff's pro se status, the undersigned vacated the Report and Recommendation and granted Petitioner yet another extension of time to respond to the motion for summary judgment and the Respondent's evidence. That additional time has now also expired, with no response or any other communication having been received from the Petitioner. Respondent's motion for summary judgment has now been pending for over four (4) months.

Based on the foregoing, the undersigned finds that Petitioner meets all of the criteria for dismissal under Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P. See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[2]

---

[1]He is personally responsible for proceeding in a dilatory fashion, the Respondent is suffering prejudice due to having to expend time and resources on a case in which the Petitioner is unresponsive, and no sanctions other than dismissal appear to exist as the Petitioner is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to comply with filing instructions despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.

[2]¹After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court

2



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 10, 2013
Charleston, South Carolina

---

may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order.  See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

