IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED

2013 OCT -3 P 12: 30

| | |
|---|---|
| Antonio Melton, #331231, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 9:12-3413-SB |
| v. ) | |
| ) | |
| Warden of Lee Correctional Institution, ) | **ORDER** |
| ) | |
| Respondent. ) | |



This matter is before the Court upon Antonio Melton's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on December 3, 2012. Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On May 6, 2013, the Respondent filed a motion for summary judgment, and on May 7, 2012, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment procedure and the possible consequences of a failure to adequately respond to the motion. After receiving an extension of time, the Petitioner failed to respond or contact the Court.

Therefore, on August 1, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the case for failure to prosecute. Almost three weeks later, and over three-and-a-half months after the Respondent filed his motion for summary judgment, the Petitioner filed a response to the R&R indicating that he wished to continue the case. Based on the Petitioner's filing, the Magistrate Judge vacated the R&R and granted the Petitioner another extension of time to respond to the motion for summary judgment. When the

additional time expired without any response from the Petitioner, the Magistrate Judge issued a second R&R on September 10, 2013, again recommending that the Court dismiss the case for lack of prosecution under Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982). Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 44) and dismisses this action with prejudice for lack of prosecution.

2

AND IT IS SO ORDERED.

_____
Sol Blatt, Jr.
Senior United States District Judge

October 2, 2013
Charleston, South Carolina

#3